IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v.          )<br>)<br>SILVIA MENDEZ          )<br>_____) | Cr. No. 06-265 (RJL) |

### DEFENDANT'S MEMORANDUM IN AID OF SENTENCING

Defendant, Silvia Mendez, through undersigned counsel, hereby respectfully submits this memorandum in aid of sentencing pursuant to Federal Rule of Criminal Procedure 32. Based on all the sentencing factors in this case, including the United States Sentencing Guidelines, Ms. Mendez respectfully asks the Court to sentence her to time served followed by a term of supervised release.

### BACKGROUND

On October 18, 2006, the government filed a one-count Information against Ms. Mendez, charging her with Bank Embezzlement, in violation of 18 U.S.C. § 656. On October 25, 2006, Ms. Mendez pled guilty to the Information. Ms. Mendez is scheduled to be sentenced before this Court on January 26, 2007, at 12:00 p.m.

### DISCUSSION

**I.      THE POST-BOOKER SENTENCING FRAMEWORK.**

Under Justice Breyer's majority opinion in Booker, the "district courts, while not bound to apply the Guidelines, must consult those Guidelines and take them into account when sentencing. See 18 U.S.C. § 3553(a)(4)." United States v. Booker, 543 U.S. 220, 264 (2005)

(Breyer, J.). While holding that district courts should still consider the Guideline calculations and ranges for sentencing purposes, the remedial majority in Booker held that courts must consider all the purposes of sentencing set forth in 18 U.S.C. § 3553(a). Pursuant to Booker, therefore, courts must treat the Guidelines as but one, among several, sentencing factors.

Pursuant to 18 U.S.C. §§ 3562 and 3553(a)–which were explicitly endorsed by the Supreme Court in Booker–sentencing courts should consider the need for the sentence imposed:

> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>
> (B) to afford adequate deterrence to criminal conduct;
>
> (C) to protect the public from further crimes of the defendant; and
>
> (D) to provide the defendant with the needed educational and vocational training, medical care, or other correctional treatment in the most effective manner.

Specifically, courts should "impose a sentence sufficient, but not greater than necessary, to comply with the purposes" set forth above.

Section 3553(a) further directs sentencing courts to consider the nature and circumstances of the offense, the history and characteristics of the defendant, the range of sentences available, the need to avoid unwanted sentencing disparities among defendants with similar records who have been found guilty of similar conduct, and the need to provide restitution to any victims of the offenses charged.

Pursuant to 18 U.S.C. § 3661, also expressly endorsed by the Booker majority:

> No limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purposes of imposing an appropriate sentence.

Section 3582 of Title 18 states that:

> [t]he court, in determining whether to impose a sentence of imprisonment, and, if a term of imprisonment is to be imposed, in determining the length of the term, shall consider the factors set forth in Section 3553(a) to the extent that they are applicable, recognizing that imprisonment is not an appropriate means of promoting correction and rehabilitation.

Taken together, the directives of Booker, as well as Sections 3553, 3661, and 3582 of Title 18, make it clear that sentencing courts may no longer consider the Guidelines alone in determining the appropriate sentence. With respect to *departures* from the Guideline range, in particular, following Booker courts need not justify sentences outside the Guidelines by citing factors that take the case outside the "heartland." Rather, as long as the sentence imposed is reasonable and supported by the factors outlined in Section 3553, courts may disagree with the range proposed by the Guidelines in individual cases and exercise their discretion.

**II.   UNDER ALL OF THE RELEVANT SENTENCING FACTORS, MS. MENDEZ SHOULD RECEIVE A SENTENCE OF TIME SERVED FOLLOWED BY A PERIOD OF SUPERVISED RELEASE**

   A.   Statutory Provisions

Pursuant to the applicable statute, the maximum term of imprisonment for the offense at issue is 30 years.

   B.   Advisory Sentencing Guidelines

   *(I).   Applicable Guideline Range*

The Probation Office, consulting the 2006 edition of the Guidelines Manual, has concluded that the total offense level in this case is 9 and that Ms. Mendez's criminal history

category is I, resulting in an advisory Guideline range of 4-10 months. This advisory sentence falls in Zone B of the advisory Guidelines.

    C.    <u>Section 3553 Factors</u>

As noted above, pursuant to 18 U.S.C. §§ 3562 and 3553(a) sentencing courts should consider the need for the sentence imposed 1) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; 2) to afford adequate deterrence to criminal conduct; 3) to protect the public from further crimes of the defendant; and 4) to provide the defendant with the needed educational and vocational training, medical care, or other correctional treatment in the most effective manner.

Section 3553(a) further directs sentencing courts to consider the nature and circumstances of the offense, the history and characteristics of the defendant, the range of sentences available, the need to avoid unwanted sentencing disparities among defendants with similar records who have been found guilty of similar conduct, and the need to provide restitution to any victims of the offenses charged. Specifically, courts should "impose a sentence sufficient, but not greater than necessary, to comply with the purposes" set forth above.

    *I. Nature of the Offense*

While Ms. Mendez in no way wishes to diminish the seriousness of the offense, she notes that it is neither a crime of violence nor a controlled substance offense. She submits that the nature of this offense does not warrant a sentence of incarceration, for the Federal Sentencing Scheme indicates that in sentencing, Courts should consider as a governing rationale "the general appropriateness of imposing a sentence <u>other than</u> imprisonment in cases in which the defendant

has not been convicted of a crime of violence or otherwise serious offense." Comment Note to 18 U.S.C. § 3551 (reciting legislative history of federal sentencing scheme) (emphasis added).

*II. Characteristics of the Defendant*

Ms. Mendez is 22 years old.  She lives with her family, including her mother, father, and sister.  Ms. Mendez has a strong relationship with her family and together they have always worked together to help each other out.  She graduated from Albert Einstein High School in 2003 and took some classes at Maryland Community College in 2004 and 2005 before she had to start working full time to help support her family.

With respect to the instant offense, Ms. Mendez is extremely regretful for her actions.  She was working as a bank teller when her father became severely ill, and he was in need of a liver transplant to survive.  Ms. Mendez's family did not have health insurance, nor did they have money to pay for his medical expenses.  In a moment of desperation and fear, Ms. Mendez took money from her teller drawer to pay for her father's surgery.  Ms. Mendez does not ask the Court to excuse her behavior, as it is inexcusable.  However, the circumstances under which she committed the offense perhaps put her actions into context.

When Ms. Mendez was confronted by her employer about her actions, she immediately accepted responsibility and gave a statement agreeing to pay the money back.  The total amount that she took was $10,251[1], but she immediately paid back $5,500, over half of the total.  She has since paid back an additional $2,559, leaving the total balance at $2,191.

Ms. Mendez has already demonstrated that she is taking responsibility for her actions.  In

---

[1]    The Pre-Sentence Report incorrectly reports that the amount was $10,521.  See PSR ¶ 6.

addition to already paying back 80% of what she took, Ms. Mendez maintains two jobs. During the week she works full time at a mortgage company, and on the weekends she is a waitress at a pizza parlor in Bowie, Maryland. This will allow her to re-pay the remainder of her restitution in a timely manner and instills in her the proper work ethic that she intends to maintain from here on out. Ms. Mendez understands that her actions have consequences and she is willing to accept those consequences so that she can move on with her life as a law-abiding citizen and contributing member of society.

*III. Appropriate Sentence*

In this case, a sentence of time served[2] followed by a term of supervised release is appropriate. First, Ms. Mendez immediately gave a statement to her employer and entered a pre-indictment plea. In doing so, she made this process extremely easy for all parties involved by accepting responsibility early, waiving her right to an indictment and a jury trial, declining to file any motions, and fully cooperating with the government and the probation office. Second, Ms. Mendez already paid back 80% of the money she took. She owes just over $2,000, which she will easily be able to pay back over her term of supervised release because she is gainfully employed.[3] Third, Ms. Mendez's criminal history is category I, the lowest possible category. Fourth, the primary means by which Ms. Mendez can attempt to remedy this situation is to pay

---

[2] The time served referred to is the time Ms. Mendez spent being processed and booked by both the U.S. Marshals and the MPD.

[3] Ms. Mendez notes that the total loss amount for which she is responsible is just over $10,000, which means she received a 4-point increase under USSG § 2B1.1(b)(1)(C). Had the loss amount been under $10,000, she would have only received a 2-point increase, which would put her advisory guideline range at 0-6 months. She accepts that her loss amount was over $10,000, but she points out that she is in the same guideline range as a defendant who took $29,999, and she has already paid back over $8,000.

back the money that she took.  The only way for her to do this is to allow her to be out of jail, working, making monthly payments.  It will be more useful to the victims to begin receiving restitution, and it will be less burdensome on the public not to have to pay to incarcerate someone who would otherwise be able to contribute positively to society.

The bottom line is this: Ms. Mendez sincerely regrets her actions.  She foolishly took money out of desperation because of her father's medical condition.  She immediately accepted responsibility, she has already paid back most of what she took, and she is both willing and able to pay the remaining balance of $2,191 over a term of supervised release.  This is not a crime of violence, it is not a controlled substance offense, and it is not a case where imprisonment is appropriate.  The Court must impose a sentence that is sufficient but not greater than necessary, and in this situation, a sentence of time served with a term of supervised release will satisfy that requirement.

## **CONCLUSION**

For the reasons set forth above, as well as for any others the Court may deem fair and reasonable, Ms. Mendez asks the Court to sentence her to time served followed by a period of supervised release.  Such a sentence would be sufficient, but not greater than necessary, to comply with the purposes set forth in 18 U.S.C. § 3553.

Respectfully submitted,

A.J. Kramer
Federal Public Defender

_____/s/_____

Rita Bosworth
Assistant Federal Public Defender
625 Indiana Avenue, N.W.
Washington, D.C.  20004
(202) 208-7500 ext.126