UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Crim. No. 06-265 (RJL) |
| v. | ) | |
| SILVIA MENDEZ, | ) | |
| Defendant. | ) | |

**DEFENDANT SILVIA MENDEZ'S MOTION TO REDUCE HER RESTITUTION PAYMENTS AND MEMORANDUM IN SUPPORT THEREOF**

Defendant, Silvia Mendez, through undersigned counsel, hereby requests that this Court reduce her monthly restitution payments to $100 pursuant to 18 U.S.C. § 3664(f)(2). She states in support the following.

**INTRODUCTION**

On October 25, 2006, Ms. Mendez pled guilty to one count of Bank Embezzlement. On January 26, 2007, this Court sentenced Ms. Mendez to time served followed by 48 months of supervised release. Ms. Mendez's conditions of supervised release include serving 180 days in a community corrections center and 180 days home detention. Ms. Mendez was also ordered to pay restitution at a rate of $300 per month.

**ARGUMENT**

Title 18 U.S.C. § 3664(f)(2) provides that the Court has the authority to "specify in the restitution order the manner in which, and the schedule according to which, the restitution is to be paid." In fashioning a restitution schedule, the Court must consider the defendant's financial resources, projected earnings, and the financial obligations. Id..

When Ms. Mendez was sentenced, she was a full-time employee at NHA Mortgage Corporation as a loan processor. PSR at 8, ¶ 36. In this position she was earning $605 per week. Id. At 9, ¶ 40. As the PSR notes, Ms. Mendez's employers did not know of her conviction at the time of sentencing. However, in March 2007, Ms. Mendez was terminated from her job due to the instant offense, leaving her without a steady paycheck.

As the Court knows, Ms. Mendez's family relies heavily on her for financial support. Her father remains at home due to his illness and someone must stay with him at all times. Until recently, Ms. Mendez's sister stayed home with their father. However, when Ms. Mendez was terminated from her job, she began to stay home and care for her father and her nephew while her sister went back to work. Ms. Mendez receives $150 per week from her sister to pay for the childcare she is providing, and at the same time, Ms. Mendez is able to provide valuable and trusted care to her father without imposing further financial burden on her family. Ms. Mendez also continues to work weekends as a waitress, where she earns approximately $60 a week.

Ms. Mendez reported to the halfway house on Monday, April 9, and she is doing well so far. She works every weekday caring for her nephew and father and every weekend as a waitress, but due to the change in her employment, she is no longer able to pay $300 a month toward her restitution. Given her changed financial resources and financial obligations, Ms. Mendez respectfully requests that the Court reduce her monthly restitution payments from $300 to $100 per month.

For the above reasons and any others the Court deems appropriate, Ms. Mendez respectfully requests that the Court grant her Motion to Reduce Restitution Payments.

Respectfully submitted,

A.J. Kramer
Federal Public Defender

_____/s/_____
RITA BOSWORTH
Assistant Federal Public Defender
625 Indiana Ave., N.W., Suite 550
Washington, D.C.  20004
(202) 208-7500